**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0496-18T4

WANDA NELSON,

     Appellant,

v.

BOARD OF REVIEW and
NEWARK BETH ISRAEL
MEDICAL CENTER, INC.,

     Respondents.

_____

          Submitted December 16, 2019 – Decided April 15, 2020

          Before Judges Sabatino and Sumners.

          On appeal from the Board of Review, Department of Labor and Workforce Development, Docket No. 154,762.

          Wanda Nelson, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Jane C. Schuster, Assistant Attorney General, of counsel; Sean P. Havern, Deputy Attorney General, on the brief).

Respondent Newark Beth Israel Medical Center, Inc., has not filed a brief.

PER CURIAM

Wanda Nelson concluded her twenty-nine-year employment at Newark Beth Israel Medical Center when she voluntarily resigned from her receptionist position effective June 1, 2018, because the medication she takes to alleviate her pain from rheumatoid arthritis caused drowsiness that made her driving commute to and from her home in Easton, Pennsylvania unsafe.[1] She appeals from the Board of Review's final agency decision disqualifying her from receiving unemployment benefits under N.J.S.A. 43:21-5(a) because she left work voluntarily without good cause attributable to the work. We affirm.

Our review of decisions by administrative agencies is limited, with those challenging a decision carrying a substantial burden of persuasion. See In re Stallworth, 208 N.J. 182, 194 (2011). An agency's determination must be sustained "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs.,

---

[1] Several years ago, before Nelson's resignation, she moved to Easton in order to assist in caring for her elderly mother. The record does not indicate whether she still cared for her mother when she resigned, but it does reflect that at the time of her Appeal Tribunal hearing she was caring for her father and sixteen-year-old son, which apparently kept her in Easton.

A-0496-18T4

Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result[.]'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)). The burden of proof rests with the employee to establish a right to collect unemployment benefits. Brady v. Bd. of Review, 152 N.J. 197, 218 (1997). With these principles in mind, we conclude Nelson's appeal is without merit.

N.J.S.A. 43:21-5(a) provides that "[a]n individual shall be disqualified for benefits . . . [f]or the week in which the individual has left work voluntarily without good cause attributable to such work, and for each week thereafter until the individual becomes reemployed and works eight weeks in employment . . . ." "An individual who leaves a job due to a [health condition] which does not have a work-connected origin but is aggravated by working conditions will not be disqualified for benefits for voluntarily leaving work without good cause 'attributable to such work,' provided there was no other suitable work available which the individual could have performed . . . ." N.J.A.C. 12:17-9.3(b). Further, "[w]hen an individual leaves work for health or medical reasons,

3

medical certification shall be required to support a finding of good cause attributable to [such] work." N.J.A.C. 12:17-9.3(d). Good cause is defined as "any compelling personal circumstance, including illness, which would normally prevent a reasonable person under the same conditions from reporting to work." N.J.A.C. 12:17-10.2(b).

The Board affirmed the Appeal Tribunal's decision denying Nelson benefits. The Appeal Tribunal determined:

> [Nelson] failed to submit medical documentation which would have enabled the employer to offer work within [her] medical limitations. It is the employee's responsibility to do what is reasonable and necessary to remain employed. Therefore, [Nelson's] contention is rejected.
>
> In this case, [Nelson] never submitted any documentation that indicated that the work was having an adverse effect on her health or that the work either caused or aggravated her medical condition. Therefore, [Nelson's] leaving of work because of her medical condition is considered . . . a personal reason for leaving the job. Hence, [she] is disqualified for benefits as of [May 27, 2018], under N.J.S.A. 43:21-5(a), as [she] left work voluntarily without good cause attributable to such work.

We appreciate the unfortunate events that caused Nelson to end her longtime employment short of qualifying for retirement benefits, however, she did not provide the necessary documentation showing her duties as a receptionist

4

had an adverse effect on her health or either caused or aggravated her medical condition.[2] The essence of her problem is the medication she takes to mitigate the ill effects from rheumatoid arthritis makes it dangerous for her to safely drive to and from the Pennsylvania home she was forced to relocate to in order to assist in caring for her elderly mother. Although it was reasonable for Nelson to voluntarily leave her job because of the potential danger posed by the long distance drive of her commute, we cannot conclude on this record that it was arbitrary, capricious, or unreasonable for the Board to find she did not establish her medical condition was aggravated by her job under N.J.A.C. 12:17-9.3(b). Because there is no good cause attributable to Nelson's functions or conditions in the workplace for her voluntary resignation, she is not eligible for unemployment benefits based upon requirements of N.J.S.A. 43:21-5(a) and the aforementioned regulations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] Nelson does not contend, nor is there any evidence in the record, indicating the Board failed to advise her – a pro se claimant – that she needed a medical certification if she was arguing she left her job because of medical or health reasons.